UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| TYRONE DWAYNE MILLER,<br><br>    Plaintiff,<br><br>v.<br><br>SAINT PAUL CITY MAYOR<br>CHRISTOPHER B. COLEMAN, CHIEF<br>OF POLICE JOHN HARRINGTON, and THE<br>ST. PAUL POLICE DEPARTMENT,<br><br>    Defendants. | Civil No. 06-1831 (PJS/JJG)<br><br>**REPORT AND<br>RECOMMENDATION** |

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he seeks leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. BACKGROUND**

Plaintiff's complaint provides only a murky explanation of the facts on which his lawsuit is based. He alleges that in April 2003, he was apprehended and "processed in a Minnesota Ramsey County jail for a crime." (Complaint, [Docket No. 1], p. 2, ¶ 3.) There are some unexplained pages attached to the complaint in which Plaintiff alleges that some identified person(s) "inform[ed] him that blood would be taken from [him] by force," and that some other

unidentified person(s) "concocted a brutal government document" charging him with "eleven counts of the most ridiculous charges imaginable." Plaintiff apparently was released from custody less than 36 hours after he was apprehended, but he alleges that he was later "repeatedly extracted from two different correctional facilities against his will." (Id. p. 2, ¶ 5.)

Based on these few vague allegations, Plaintiff claims that his federal constitutional rights were violated by the police officers who apprehended him and detained him. However, Plaintiff is not presently attempting to sue the officers who allegedly took him into custody. Instead, he is attempting to sue the Mayor of the City of St. Paul – Christopher B. Coleman, the Chief of Police for the City of St. Paul – John Harrington, and possibly the City of St. Paul and the St. Paul Police Department.[1] He claims that Defendants should be liable for the alleged constitutional infractions of the police officers who apprehended and detained him, because their acts and omissions allegedly were "violations of City regulations, policies, ordinances, customs and procedures of the City of St. Paul." (Id., p. 1, ¶ 1.) Plaintiff is seeking a judgment against Defendants that would award him $250,000 in compensatory damages, and $2,500,000 in punitive damages.

## II. DISCUSSION

An IFP application will be denied, and the action will be dismissed, if a plaintiff/IFP-applicant has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

---

[1] Plaintiff's various submissions provide conflicting information about who he is attempting to sue, so it is impossible to tell whether he actually intended for the City of St. Paul and the St. Paul Police Department to be named as Defendants.

Here, the Court finds that, even with the benefit of liberal construction, (see id. at 1129, citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam)), Plaintiff's current complaint fails to state an actionable claim against any of the named Defendants.

To state a cause of action under 42 U.S.C. § 1983, as Plaintiff is attempting to do here, a complaint must include specific factual allegations showing that the named Defendants personally violated the plaintiff's federal constitutional rights. The doctrine of respondeat superior does not apply to § 1983 claims, which means that a party cannot be held vicariously liable for the alleged constitutional misdeeds of an employee or subordinate. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978).

In this case, Plaintiff has not alleged any facts suggesting that any of the named Defendants personally violated his federal constitutional rights. Indeed, Defendant Mayor Christopher Coleman and Defendant Police Chief John Harrington are simply identified in the initial paragraph of the complaint, and then never mentioned again anywhere else in Plaintiff's pleading. There certainly are no allegations suggesting that either the Mayor or the Police Chief was involved in, or even knew about, any of the specific facts and circumstances that prompted Plaintiff's present lawsuit. To the contrary, it clearly appears that Plaintiff is attempting to sue the Mayor and the Police Chief based solely on the alleged acts or omissions of their subordinates – namely the individual police officers who alleged apprehended Plaintiff and took him into custody. Such claims of vicarious liability, however, are simply not cognizable in a § 1983 action such as this one. Miller v. Compton, 122 F.3d 1094, 1100 (8th Cir. 1997).

The Court recognizes that a municipality, such as the City of St. Paul, or a municipal

supervisory official, such as the City's Mayor or Police Chief, can be sued under § 1983, if the plaintiff's complaint includes factual allegations showing that the municipality or municipal supervisory official has adopted some policy, custom or practice that caused a violation of the plaintiff's federal constitutional rights. City of Canton v. Harris, 489 U.S. 378, 386-87 (1989). See also Angarita v. St. Louis County, 981 F.2d 1537, 1546 (8th Cir. 1992) ("[a] municipality may be held liable under section 1983 only if a municipal custom or policy caused the deprivation of [a] right protected by the constitution or federal laws"). However, Plaintiff's current complaint does not describe any specific municipal policy, custom or practice that allegedly caused his constitutional rights to be violated. Indeed, Plaintiff seems to claiming that his constitutional rights were violated because the police officers who arrested and detained him did not follow, but acted in violation of, applicable "City regulations, policies, ordinances, customs and procedures." (Complaint, p. 1, ¶ 1.)

In any event, a plaintiff who is attempting to sue a municipality or a municipal supervisory official under § 1983 must plead more than just conclusory allegations; the complaint must describe some specific municipal policy, custom or practice on which the plaintiff's claims are based. See Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985) (plurality opinion) (an actionable policy or custom cannot be inferred from a single instance of unconstitutional activity); Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir.1993) ("mere assertion... that a municipality has such a custom or policy [that purportedly caused a violation of the plaintiff's constitutional rights] is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference"). Plaintiff's current complaint does not identify any specific municipal policy, custom or practice that purportedly caused

4

some St. Paul police officer(s) to allegedly violate his federal constitutional rights. Therefore, Plaintiff has failed to state an actionable civil rights claim against any of the Defendants that he is attempting to sue.[2]

### III. CONCLUSION

For the reasons discussed above, the Court concludes that Plaintiff's complaint fails to state a cause of action on which relief can be granted. The Court will therefore recommend that Plaintiff's IFP application be denied, and that this case be summarily dismissed, pursuant to § 1915(e)(2)(B)(ii). The Court will further recommend that Plaintiff's pending motion for appointment of counsel be summarily denied. See Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (1995) (appointment of counsel should be considered if the claimant has stated a facially cognizable claim for relief).

### IV. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED;

2. Plaintiff's "Request for Counsel," (Docket No. 3), be DENIED; and

---

[2] The Court further notes that Plaintiff's apparent attempt to sue "the City of St. Paul Police Department" as a separate and distinct Defendant must be rejected, because a police department is not a cognizable legal entity that can be sued as such. Ketchum v. City of West Memphis, 974 F.2d 81, 82 (8th Cir. 1992), ("[t]he West Memphis Police Department and West Memphis Paramedic Services are not judicial entities suable as such[;] [t]hey are simply departments or subdivisions of the City government"); Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992) (same).

    3.  This action be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: May 31, 2006

                               s/ Jeanne J. Graham
                              JEANNE J. GRAHAM
                              United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by June 14, 2006. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.